# Louis Rubin, Appellee, v. Herman H. Newberger, Appellant.

## Gen. No. 23,196.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 31, 1918.

## Statement of the Case.

Action by Louis Rubin, plaintiff, against Herman H. Newberger, defendant, to recover on promissory notes. From a judgment by default for plaintiff, defendant appeals.

MORRIS KOMPEL, for appellant.

SAMUEL J. RICHMAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 248*—*what does not constitute payment of mortgage notes*. After the execution by defendant of a trust deed to secure notes, the property was sold to one who agreed to assume the incumbrance and gave notes secured by a mortgage as part of the purchase price which were transferred to plaintiff by defendant; with knowledge of these circumstances the holder at maturity of the notes secured by the trust deed agreed with defendant to relieve him of liability thereon and so notified plaintiff, but such holder subsequently threatening foreclosure, plaintiff purchased the notes from him, such notes bearing an indorsement that they were subject and subordinate to the lien of any note maturing after their maturity, and thereafter foreclosed and procured a sale under the second mortgage. *Held*, that the purchase by plaintiff of said notes did not constitute a payment and cancellation of the same.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MORTGAGES, § 227*—*right of mortgagee to treat mortgagor and grantee assuming mortgage as principal debtors.* A mortgagee may treat both the mortgagor and a grantee of the latter assuming the mortgage as principal debtors and have a personal decree against both, unless he has consented to accept the grantee as surety, and his rights cannot be affected by any agreement between the mortgagor and the grantee.

3. MORTGAGES, § 119*—*when notes may be postponed to lien of another mortgage.* The holder of mortgage notes may postpone them to the lien of another mortgage.

4. TENDER, § 18*—*what is effect of conditional tender of payment.* A plea of conditional tender of payment in an action on a promissory note admits that some money was due.